UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEIGH WEEDEN, | |
| Plaintiff, | 03:04-CV-00539-LRH (RAM) |
| v. | **O R D E R** |
| DR. DON H. WASSERMAN OF THE GREAT BASIN SURGICAL CENTER, L.L.C AND HEAD OF ELKO HOSPITAL, | |
| Defendants. | |

Presently before the Court is Defendant Great Basin Surgical Center's ("GBSC") Motion to Dismiss (# 14[1]). Defendant Elko Hospital has filed a joinder (# 20)[2] in GBSC's motion. Pro se plaintiff Leigh Weeden ("Weeden") filed oppositions (#'s 23, 25). GBSC subsequently filed a reply (# 24) that was joined by Elko Hospital (# 31). Weeden has also filed a sur-reply (# 29) to GBSC's reply.

Also before the Court are Weeden's Motions for Time (#'s 27, 28). No oppositions were filed. Finally, Weeden has filed an untitled motion (# 35) requesting several forms of relief. No

---

[1] Refers to the Court's docket number.

[2] Plaintiff filed a document "responding" to Elko Hospital's joinder (# 26). GBSC filed an opposition (# 30) and Plaintiff replied (# 33). In this round of briefing, Plaintiff essentially repeats the arguments made in his oppositions (#'s 23, 25). As these documents merely repeat arguments that have already been made, the Court will not consider them separately.

opposition has been filed.

## I. Factual Background

Weeden filed this diversity action seeking damages for alleged medical malpractice. (Compl.) Weeden, upon discovering a lump in his right testicle, sought treatment from defendant Don H. Wasserman ("Wasserman"). (Compl. ¶¶ 1-2.) Wasserman examined Weeden and performed two ultra sound tests and a blood test. *Id*. ¶ 5. All three tests indicated that the lump was not cancerous. *Id*. ¶¶ 5-6. However, Wasserman still believed that the lump was cancerous and recommended surgery. *Id.* ¶ 6. On March 13, 2002, Weeden's testicle was surgically removed. *Id*. at 1. One month after the surgery, Wasserman informed Weeden that the tumor was not cancerous. *Id*. ¶ 13.

After the surgery, no therapy or treatment options were made available to Weeden. *Id*. ¶¶ 14-18. Weeden alleges that he was never told that the removal of one testicle would result in a fifty percent loss of testosterone. (Opp'n to Defs.' Mot. to Dismiss (# 23) at 12.) Weeden further alleges that he was not informed that this loss of testosterone would further weaken his already injured back. *Id*. Weedon also alleges that the loss of testosterone resulted in a loss of sex drive, fatigue, depression, hot flashes and osteoporosis. *Id*. at 14.

## II. Motion to Dismiss

### A. Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See*

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**B. Discussion**

Defendants argue that all of Weeden's claims are barred by the statute of limitation. (Mot. to Dismiss (# 14) at 1.) In opposition, Weeden argues that Defendants' Motion to Dismiss is improper because it was filed after the filing of an answer. (Opp'n to Defs.' Mot. to Dismiss (# 23) at 1.) In addition, Weeden argues that his claim is not barred by the statute of limitations because he was not aware of the extent of his injuries at the time he learned that the tumor was benign. *See id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, such a motion must be "made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). In this case, GBSC filed its motion to dismiss on June 6, 2005, and its answer on June 7, 2005. Elko Hospital filed its answer and joined in GBSC's motion on June 22, 2005. When a defendant files a Rule 12(b) motion simultaneously with the answer, the Court "will view the motion as having preceded the answer and thus having been interposed in a timely fashion." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed. 2004). Therefore, both GBSC and Elko Hospital have timely filed for a rule 12(b)(6) dismissal.

Because Weeden is a pro se litigant, this Court will construe his pleadings liberally. *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Looking at Weeden's claims liberally, the Court

views Weeden as raising claims for damages based upon two incidents. First, Weeden appears to be seeking damages for the alleged improper removal of his testicle. (Compl. ¶¶ 12-13.) Second, Weeden appears to be claiming that he was injured due to Defendants' alleged failure to provide appropriate post-surgical care. (Compl. ¶¶ 14-17.)

The parties agree that the applicable statute of limitations in this action is two years. *See* Nev. Rev. Stat. 11.190(4)(e), 41A.097. The dispute concerns whether or not that time period has run. In Nevada, the statute of limitations begins to run when a person discovers his legal injury or when he should have known, through the use of reasonable diligence, of facts that would lead a reasonable person to inquire further. *Massey v. Litton*, 669 P.2d 248, 252 (Nev. 1983).

GBSC argues that Weeden knew of the alleged misdiagnosis and injury by May 2002. (Mot. to Dismiss (#14) at 3.) Since Weeden's complaint was filed November 3, 2004, GBSC argues that this action is time barred. *Id*. GBSC is correct that Weeden's claim based on the alleged improper removal of his right testicle is barred by the statute of limitations. By Weeden's own admission, all medical tests revealed that the tumor was not cancerous. However, in March of 2002, Weeden decided to have surgery to remove the testicle. The following month, Weeden was informed that the tumor was benign. At this point, Weeden knew, or should have known, of the facts giving rise to his cause of action for the removal of the testicle. Although Weeden knew of facts giving rise to his cause of action in April/May 2002, he did not file this action until November 2004. Therefore, the Court finds that this claim is barred by Nevada's two-year statute of limitations.

With respect to Weeden's claim that he did not receive appropriate post-surgical care, the record before the Court is not clear as to when Weeden knew, or should have known, that he was injured. In its reply to Weeden's opposition, GBSC argues that the additional injuries suffered by Weeden still resulted from the initial surgery. (Reply to Pl.'s Opp'n to Mot. to Dismiss (# 24) at 3.) However, looking at the facts in the light most favorable to Weeden, it appears that Weeden

4

may have suffered a separate injury as the result of the alleged inadequate post-operative care. It would appear that notice of the alleged inadequate post operative care probably occurred prior to November, 2002, and is likely barred by Nevada's statute of limitations. However, because this is not clear from the record before the Court, dismissal of this portion of Plaintiff's claim would be premature at this time.

**III.   Motion for Time**

Weeden has filed two motions requesting an extension of time and for "enlargement of pages." (#27, 28). Weeden's first motion (#27) appears to request time to respond to the affirmative defenses contained in Defendants' Answers to Weeden's Complaint. However, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Nevada do not contemplate a response to a defendant's answer.[3] With respect to Weeden's second motion (#28), it is unclear to the Court why Weeden is seeking an extension of time. Weeden has not indicated what document he intends to file. For these reasons, Weeden's motions (#'s 27, 28) will be denied.

**IV. Weeden's Untitled Motion**

Weeden has filed a document with the Court containing several motions (# 35). First, Weeden is moving for an extension of time to submit a discovery plan and scheduling order. According to Weeden, he has not filed these documents because Wasserman has not filed an answer. Second, Weeden has filed a motion to compel Wasserman to file an answer. Finally, Weeden has filed a motion to renew his request for court appointed counsel.

It appears from the record that Weeden has not served defendant Wasserman with process. Rule 4(m) of the federal rules of civil procedure allows the Court to sua sponte dismiss an action without prejudice if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). The Court, in its March 4, 2005,

---

[3] If Defendants intend to pursue these issues through motions or at trial, Weeden will have the opportunity to respond at that time.

5

Order, explicitly stated that Weeden would have until August 12, 2005, in which to complete service of process. In light of Weeden's failure to serve defendant Wasserman, the Court will dismiss Wasserman from this case without prejudice.

Weeden's motion to compel Wasserman to file an answer will be denied. Furthermore, the alleged failure of Wasserman to defend this action should not prevent Weeden from moving forward with a discovery plan and scheduling order. Therefore, Weeden's motion for an extension of time will be denied. Finally, the Court has previously denied Weeden court appointed counsel. (# 6). For the reasons stated in that order, Weeden's renewed motion for court appointed counsel will be denied.

**V. Conclusion**

IT IS THEREFORE ORDERED that GBSC's Motion to Dismiss (# 14) is hereby GRANTED in part and DENIED in part. GBSC's motion is granted with respect to any claim based upon the alleged improper removal of Weeden's testicle. GBSC's motion is denied with respect to any claim Weeden has concerning post-operative care.

IT IS FURTHER ORDERED that Weeden's Motions for Time (#'s 27, 28) are hereby DENIED.

IT IS FURTHER ORDERED that Weeden's untitled Motion (# 35) is hereby DENIED.

IT IS FURTHER ORDERED that defendant Wasserman is hereby DISMISSED from this case.

IT IS SO ORDERED.

DATED this 20th day of December, 2005.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE